EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-mail: harry.yee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-00452 SOM-LEK |
| | ) | |
| Plaintiff, | ) | FINDINGS OF FACT, CONCLUSIONS |
| | ) | OF LAW AND ORDER GRANTING |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | AND FOR INTERLOCUTORY DECREE |
| | ) | OF FORECLOSURE AND FOR |
| | ) | DEFICIENCY JUDGMENT; EXHIBIT |
| J.G.C. NITTA CORPORATION, a | ) | "A" |
| Hawaii corporation; GLENN A. | ) | |
| NITTA; JOYCE S.N. MIURA; | ) | Date: January 2, 2007 |
| CLAIRE N. GOO; STATE OF | ) | Time: 11:15 a.m. |
| HAWAII, DEPT. OF AGRICULTURE, | ) | Judge: Susan Oki Mollway |
| AGRICULTURE LOAN DIVISION, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| LORI CHIYOKO NITTA; JOHN DOES | ) | |
| 1-50, JANE DOES 1-50, DOE | ) | |
| CORPORATIONS 1-50, DOE LIMITED | ) | |
| LIABILITY COMPANIES 1-50, DOE | ) | |
| TRUSTS 1-50, DOE PARTNERSHIPS | ) | |
| 1-50, DOE ASSOCIATIONS 1-50, | ) | |
| DOE GOVERNMENTAL ENTITIES 1- | ) | |

```
50, and DOE OTHER ENTITIES 1-  )
50,                            )
                               )
          Additional           )
          Cross-Claim          )
          Defendants.          )
_____)
```

FINDINGS OF FACT, CONCLUSIONS OF LAW AND
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND FOR INTERLOCUTORY DECREE OF FORECLOSURE
<u>AND FOR DEFICIENCY JUDGMENT</u>

Plaintiff United States of America has filed a motion for summary judgment against defendants. Pursuant to Local Rule 7.2(d), the court, in its discretion, finds that Plaintiff United States of America's motion for summary judgment is appropriate for decision without a hearing. The court, having considered the record herein, finds as follows:

<u>FINDINGS OF FACT</u>

1. This is a civil action brought by Plaintiff UNITED STATES OF AMERICA acting through the Farm Service Agency, United States Department of Agriculture (hereinafter referred to as Plaintiff USA), seeking money judgment against Defendants J.G.C. NITTA CORPORATION, a Hawaii corporation, GLENN A. NITTA, JOYCE S.N. MIURA, and CLAIRE N. GOO, on Promissory Notes, Reamortized Promissory Notes, Rescheduling Promissory Notes, and Mortgages.

2. Jurisdiction over this action is based on Title 28, United States Code § 1345.

Farm Ownership Loan No. 41-06

      3.   On or about October 20, 1989, Defendants GLENN A. NITTA (hereinafter referred to as Defendant NITTA), JOYCE S.N. MIURA (hereinafter referred to as Defendant MIURA), and CLAIRE N. GOO (hereinafter referred to as Defendant GOO), as officers of Defendant J.G.C. NITTA CORPORATION, a Hawaii corporation (hereinafter referred to as Defendant J.G.C.), and as individuals, executed and delivered to Plaintiff USA, as borrowers and cosigners, a Promissory Note for a Farm Ownership loan in the amount of $116,000.00.

      4.   On or about October 20, 1989, for the purpose of providing further security for payment of said Promissory Note described above, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed a Real Estate Mortgage for Hawaii and American Samoa dated October 20, 1989, and filed in the Office of Assistant Registrar, State of Hawaii, as Land Court Document No. 1677267.

      5.   On or about July 25, 1996, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA a Reamortized Promissory Note that reamortized the terms of the Farm Ownership loan evidenced by the paragraph 3 note.

Farm Ownership Loan No. 41-07

  6. On or about October 20, 1989, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA, as borrowers and cosigners, a Promissory Note for a Farm Ownership loan in the amount of $63,000.00.

  7. On or about October 20, 1989, for the purpose of providing further security for payment of said Promissory Note described above, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed a Real Estate Mortgage for Hawaii and American Samoa dated October 20, 1989, and filed in the Office of Assistant Registrar, State of Hawaii, as Land Court Document No. 1677268.

  8. On or about July 25, 1996, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA a Reamortized Promissory Note that reamortized the terms of the Farm Ownership loan evidenced by the paragraph 6 note.

Operating Loan No. 44-08

  9. On or about October 20, 1989, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA, as borrowers and cosigners, a Promissory Note for an Operating loan in the amount of $184,650.00.

10. On or about October 20, 1989, for the purpose of providing further security for payment of said Promissory Note described above, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed a Real Estate Mortgage for Hawaii and American Samoa dated October 20, 1989, and filed in the Office of Assistant Registrar, State of Hawaii, as Land Court Document No. 1677271.

11. On or about July 25, 1996, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA a Rescheduling Promissory Note that rescheduled the terms of the Operating loan evidenced by the paragraph 9 note.

Farm Ownership Loan No. 41-09

12. On or about October 20, 1989, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA, as borrowers and cosigners, a Promissory Note for a Farm Ownership loan in the amount of $21,000.00.

13. On or about October 20, 1989, for the purpose of providing further security for payment of said Promissory Note described above, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed a Real Estate Mortgage for Hawaii and American Samoa dated October 20, 1989,

and filed in the Office of Assistant Registrar, State of Hawaii, as Land Court Document No. 1677269.

14. On or about July 25, 1996, Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, executed and delivered to Plaintiff USA a Reamortized Promissory Note that reamortized the terms of the Farm Ownership loan evidenced by the paragraph 12 note.

15. Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C., executed a security agreement in favor of Plaintiff USA in certain collateral, including all crops and all farm and other equipment. Plaintiff USA's security interest in the collateral pledged by the security agreement was perfected by filing the Financing Statement which was recorded on October 23, 1989, at the Bureau of Conveyances, State of Hawaii as Document No. 89-162056 and in Liber 23791, Page 236.

16. On or about November 28, 1989, Defendant NITTA as an officer of Defendant J.G.C., executed a Security Agreement.

17. A Statements of Continuation, Partial Release, Assignment, etc., which continued the Financing Statement was recorded on May 23, 1994, at the Bureau of Conveyances, State of Hawaii as Document No. 94-086464.

18. A Statements of Continuation, Partial Release, Assignment, etc., which continued the Financing Statement was

recorded on April 19, 1999, at the Bureau of Conveyances, State of Hawaii as Document No. 99-059642.

19. A UCC Financing Statement was recorded on July 12, 2004, at the Bureau of Conveyances, State of Hawaii as Document No. 2004-140415.

20. Defendants NITTA, MIURA, GOO, and Defendant J.G.C. have defaulted in the payment under the terms of the said Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages in that it has breached the covenant to pay the sum thereunder at the time the same became due and payable.

21. Pursuant to the terms of the Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages the entire remaining principal and interest thereon are due and payable together with costs, expenses, attorney's fees and late fees, all of which are secured by the Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages. As of November 30, 2006, the amounts due and owing were as follows:

    A)    Farm Ownership Loan No. 41-06:

```
Unpaid Principal        $147,800.36
Unpaid Interest           49,606.38

TOTAL DUE               $197,406.74
```

Plus interest at the daily rate of $20.2466 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    B)    Farm Ownership Loan No. 41-07:

| | |
|---|---|
| Unpaid Principal | $ 80,413.19 |
| Unpaid Interest | 28,418.21 |
| TOTAL DUE | $108,831.40 |

Plus interest at the daily rate of $11.0155 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    C)    Operating Loan No. 44-08:

| | |
|---|---|
| Unpaid Principal | $156,982.23 |
| Unpaid Interest | 43,820.29 |
| TOTAL DUE | $200,802.52 |

Plus interest at the daily rate of $21.5044 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    D)    Farm Ownership Loan No. 41-09:

| | |
|---|---|
| Unpaid Principal | $26,611.21 |
| Unpaid Interest | 9,403.62 |
| TOTAL DUE | $36,014.83 |

Plus interest at the daily rate of $3.6454 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    22.    The United States has incurred court costs in the amount of $1,226.51.

23. In the Mortgages, it is provided that the mortgagee may be the purchaser at any foreclosure sale.

## CONCLUSIONS OF LAW

Pursuant to the foregoing Findings of Fact, the Court concludes:

1. As of November 30, 2006, there was due and owing by Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C. and as individuals, to Plaintiff USA the following amounts:

    A) Farm Ownership Loan No. 41-06:

| | |
|---|---|
| Unpaid Principal | $147,800.36 |
| Unpaid Interest | 49,606.38 |
| TOTAL DUE | $197,406.74 |

Plus interest at the daily rate of $20.2466 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    B) Farm Ownership Loan No. 41-07:

| | |
|---|---|
| Unpaid Principal | $ 80,413.19 |
| Unpaid Interest | 28,418.21 |
| TOTAL DUE | $108,831.40 |

Plus interest at the daily rate of $11.0155 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

      C)    Operating Loan No. 44-08:

```
        Unpaid Principal        $156,982.23
        Unpaid Interest           43,820.29

        TOTAL DUE                $200,802.52
```

Plus interest at the daily rate of $21.5044 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

      D)    Farm Ownership Loan No. 41-09:

```
        Unpaid Principal         $26,611.21
        Unpaid Interest            9,403.62

        TOTAL DUE                $36,014.83
```

Plus interest at the daily rate of $3.6454 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    The United States has incurred court costs in the amount of $1,226.51.

    Also owing are real property taxes and such other and further amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages held by Plaintiff USA, including interest, costs, expenses, and such other charges as the Court shall determine to be just.

    B.    Plaintiff USA is entitled to have its Mortgages foreclosed upon the property covered by the Mortgages and

described in Exhibit "A", and to have the property sold in a manner authorized by law, said Mortgages being a valid, subsisting and outstanding mortgages upon the property.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND FOR INTERLOCUTORY DECREE OF FORECLOSURE
<u>AND FOR DEFICIENCY JUDGMENT</u>

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff USA's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure and for Deficiency Judgment filed herein on November 22, 2006, is hereby granted.

2. Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C., and as individuals are in default under the terms of said Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages described in the Complaint of Plaintiff USA, which Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages are currently held by Plaintiff USA.  There was due and owing and unpaid to Plaintiff USA from Defendants NITTA, MIURA, and GOO, as officers of Defendant J.G.C., and as individuals as of November 30, 2006, the following amounts:

    A)    Farm Ownership Loan No. 41-06:

| | |
|---|---:|
| Unpaid Principal | $147,800.36 |
| Unpaid Interest | <u>49,606.38</u> |
| TOTAL DUE | $197,406.74 |

Plus interest at the daily rate of $20.2466 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    B)    Farm Ownership Loan No. 41-07:

| | |
|---|---|
| Unpaid Principal | $ 80,413.19 |
| Unpaid Interest | 28,418.21 |
| TOTAL DUE | $108,831.40 |

Plus interest at the daily rate of $11.0155 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    C)    Operating Loan No. 44-08:

| | |
|---|---|
| Unpaid Principal | $156,982.23 |
| Unpaid Interest | 43,820.29 |
| TOTAL DUE | $200,802.52 |

Plus interest at the daily rate of $21.5044 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    D)    Farm Ownership Loan No. 41-09:

| | |
|---|---|
| Unpaid Principal | $26,611.21 |
| Unpaid Interest | 9,403.62 |
| TOTAL DUE | $36,014.83 |

Plus interest at the daily rate of $3.6454 from November 30, 2006, until the date of judgment and interest thereafter at the legal rate until the indebtedness is paid in full.

    The United States has incurred court costs in the amount of $1,226.51.

Also owing are real property taxes and such other amounts as the Court shall determine at a subsequent hearing, all sums to be paid at the date of closing of the sale hereinafter authorized. All said sums due and to become due Plaintiff USA under the Promissory Notes, Reamortized Promissory Notes, Rescheduled Promissory Notes, and Mortgages are valid liens upon the property described in Exhibit "A".

3. The Mortgages described above and currently held by Plaintiff USA, shall be and is hereby foreclosed as prayed, and the property described in Exhibit "A" shall be sold at public auction, without an upset price, as authorized by law and under the provisions of the Mortgages. Such sale of the mortgaged property shall not be final until approved and confirmed by the Court.

4. The Commissioner as appointed herein by the Court shall sell the property within four months after the Commissioner is appointed as Commissioner, shall hold all proceeds of the sale of the mortgaged property to the credit of this cause subject to the directions of this Court. Upon payment according to such directions, the Commissioner shall file an accurate accounting of Commissioner's receipts and expenses.

5. Christina Douglass, whose address is 1888 Kalakaua Avenue #C307, Honolulu, Hawaii 96815, and whose telephone number is (808) 979-0001, is hereby appointed by this Court as

Commissioner and as such Commissioner shall henceforth hold an equitable and legal title to property, and is hereby authorized and directed to take possession of the property, to rent the property, if appropriate, to sell the property on foreclosure sale to the highest bidder at the Commissioner's sale by public auction, without an upset price, after first giving notice of such sale by publication in at least one newspaper regularly issued and of general circulation in the county wherein the realty is situated, in the state of Hawaii, or in the District of Hawaii.  Said notice shall be published once in each week for four (4) consecutive weeks with the sale to take place no sooner than (14) fourteen days after the appearance of the last publication.  Said notice shall give the date, time, and place of sale and an intelligible description of the property, and shall have further authority to continue sale from time to time at the Commissioner's discretion.  No bond shall be required of the Commissioner.  In the event that the Commissioner refuses, or becomes unable to carry out his duties set forth herein, the Court shall appoint another without further notice or hearing.

      6.   The Commissioner shall allow reasonable access to view the subject property, a minimum of two separate days prior to the sale of the subject property, by means of an open house or other reasonable means.

       7.    The fee of the Commissioner shall be such as the Court deems just and reasonable, together with actual and necessary expenses incurred with the sale of the subject property. The Commissioner's hourly rate shall be no more than $100.00 per hour.

       8.    The Commissioner shall hold all proceeds from the sale of the mortgaged property to the credit of this cause subject to the direction of this Court. Upon payment according to such direction, the Commissioner shall file an accurate accounting of all receipts and expenses.

       9.    The order of distribution of the sale proceeds to the parties claiming an interest in the property shall be made in accordance with their respective priorities.

       10.    The sale so made and confirmed shall perpetually bar defendants herein named and all persons and parties claiming by, through or under them, except governmental authorities enforcing liens for unpaid real property taxes, from any and all right, title and interest in the mortgaged property or any part thereof. At a hearing to consider confirmation of the foreclosure sale, the Court shall hear proof of claims of any other parties, and shall determine the priority among the parties, and the final payment of the proceeds of the foreclosure sale shall be directed.

11.  Plaintiff USA and all other parties are hereby authorized to purchase the property at the foreclosure sale.  The successful bidder at the foreclosure sale shall be required at the time of such sale to make a down payment to the Commissioner in an amount not less than ten (10%) percent of the highest successful price bid, such payment to be in cash, certified check or cashier's check, provided that Plaintiff USA may satisfy the down payment by way of offset up to the amount of its secured debt.  The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale of the Court and tender of the document transferring title.  Such payment is to be in cash, certified check or cashier's check, provided that Plaintiff USA may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt, as appropriate.  Costs of conveyancing, including preparation of the conveyance document, conveying tax, securing possession of such mortgaged property, escrow services, and recording of such conveyance, shall be at the expense of such purchaser.

12.  The sale can be supplemented with the practices and procedures in the State of Hawaii and Section 667 of the Hawaii Revised Statutes.

13.  The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

14. At the hearing on confirmation herein above mentioned, if it appears that the proceeds of such sale shall be insufficient to pay all the amounts which are valid claims against Defendants NITTA, MIURA, GOO, as officers of Defendant J.G.C. and as individuals, and a deficiency exists, judgment shall be entered for such deficiency against Defendants NITTA, MIURA, GOO, as officers of Defendant J.G.C. and as individuals, and in favor of Plaintiff USA.

15. There being no just reason for delay, this shall be an express direction that this order shall be entered as a judgment, pursuant to Rule 54(b), Federal Rules of Civil Procedure, as to all claims determined by this Order.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, January 9, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

USA v. J.G.C. Nitta Corporation, et al.
Civil No. 06-00452 SOM-LEK

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE
AND FOR DEFICIENCY JUDGMENT; EXHIBIT "A"